UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRIS M. WILLIAMS,                )
                                   )
           Plaintiff,              )    Case No. 5:05-cv-126
                                   )
v.                                 )    Honorable Gordon J. Quist
                                   )
TRACY NUSZ et al.,                 )
                                   )
           Defendants.             )
_____)

# **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.       Factual allegations

Plaintiff is incarcerated in the Gus Harrison Correctional Facility. Plaintiff pleaded guilty in the Ingham County Circuit Court to armed robbery and two counts of unlawfully driving away an automobile. He was sentenced on June 24, 1992, to concurrent prison terms of nine to forty years for the armed robbery conviction and six to forty years for each of the unlawfully driving away convictions. On January 20, 2004, Plaintiff was released on parole. Five months later, on June 30, 2004, Plaintiff was charged with three violations of his parole. In Count 1, Plaintiff was charged with digitally penetrating fourteen-year-old W.N. In Count 2, Plaintiff was accused of failing to enroll in a GED program as required by the written order of the parole board. In Count 3, Plaintiff was charged with forcing thirteen-year-old K.L. to perform oral sex on him. The sexual offenses allegedly occurred in Ingham County on June 21, 2004.

Count 2 was dismissed following the Preliminary Parole Violation Hearing. A Parole Revocation Hearing was held on October 26, 2004, concerning the remaining two charges. As to Count 1, the hearing officer found Plaintiff guilty of digitally penetrating W.N. With regard to Count 3, the hearing officer could not make a finding of guilt because K.L. was such an uncooperative witness. As a result of the guilty finding on Count 1, the parole board revoked Plaintiff's parole. Apparently, the Ingham County prosecutor did not bring criminal charges against Plaintiff concerning his alleged sexual activities with W.N. and K.L.

In his *pro se* complaint, Plaintiff sues W.N.; K.L.; Tracy Nusz, W.N.'s mother; and Terry Smith, K.L.'s father. Plaintiff contends that W.N. and K.L. fabricated the claims of sexual assault and that the Defendant parents "manipulated" their daughters to make the false claims against

him. For relief, Plaintiff seeks a new parole revocation hearing and monetary damages of one million dollars.

### II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Plaintiff has not presented any allegations by which Defendants' conduct could be fairly attributed to the State. Because Defendants are not state actors, Plaintiff may not maintain a § 1983 action against them.

With regard to Plaintiff's request for a new parole revocation hearing, a challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Accordingly, Plaintiff's complaint must be dismissed for failure to state a claim upon

which relief may be granted. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include: (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253 (c), (4) differing fee requirements, and (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  October 6, 2005                    /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE